RAYMOND CASEY MANN, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 36196

May 17, 2002

46 P.3d 1228

*Raymond Casey Mann,* Carson City, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert S. Beckett,* District Attorney, Nye County, for Respondent.

# OPINION

*Per Curiam:*

Appellant Raymond Casey Mann filed a proper person post-conviction petition for a writ of habeas corpus, alleging that his trial counsel provided ineffective assistance by failing to file a direct appeal after Mann requested them to do so. In its answer, the State claimed that Mann did not request an appeal and attached affidavits from trial counsel refuting Mann's allegations. Without conducting an evidentiary hearing, the district court found Mann's allegations did not warrant relief and denied his petition. We conclude that the district court improperly denied the petition without conducting an evidentiary hearing.

## FACTS

On April 15, 1999, Mann was convicted, pursuant to a jury verdict, of four counts of being an ex-felon in possession of a firearm. Mann did not file a direct appeal. On December 21, 1999, Mann filed a timely proper person post-conviction petition for a writ of habeas corpus. He claimed, among other things, that his attorneys failed to file an appeal after he requested that they do so. Specifically, Mann claimed that he sent a letter to trial counsel requesting them to file an appeal, that counsel led Mann to believe that an appeal had been filed, and that Mann did not become aware of his attorneys' failure to file a notice of appeal until Mann received a letter to that effect from the clerk of this court. Mann attached documents supporting his claims.

The record did not belie Mann's claim. To the contrary, it provided some support for Mann's claim that his counsel were aware that he wished to pursue a direct appeal. For example, at the beginning of the sentencing proceeding conducted on April 13, 1999, one of the two attorneys who represented Mann during various stages of the proceedings in the district court stated on the record that either Mann or Mann's father had expressed interest in an appeal. Additionally, at a hearing conducted on July 13, 1999, defense counsel represented to the court that an appeal had in fact been filed and that he was representing Mann in that appeal.

The State opposed the petition and attached affidavits from both trial counsel refuting Mann's claims. Without conducting an evidentiary hearing, the district court rejected Mann's claims. Specifically, the district court concluded:

> [Mann's] self serving allegation and documentation purporting to show he requested an appeal from his counsel and they did not do so does not overcome the presumption that

his counsel was adequate. Even if [Mann's] counsel had ignored his request for an appeal, [Mann] has not [shown] that his [attorneys'] performance fell below an acceptable level of professionalism. He has not shown his case had any issues ripe for appeal. Further, [Mann] has not shown prejudice: he has not shown that he would have been successful on appeal had his counsel raised it.

Therefore, the district court denied Mann's petition. This appeal followed.

Our preliminary review of the record in this matter revealed that the district court may have erroneously denied the petition without first conducting an evidentiary hearing. A petitioner is entitled to a post-conviction evidentiary hearing when he asserts claims supported by specific factual allegations not belied by the record that, if true, would entitle him to relief.[1] It appeared that Mann had met this burden by alleging that his attorneys deprived him of a direct appeal by failing to file his appeal after he requested that they do so. If true, Mann's allegations would have entitled him to the remedy established in *Lozada v. State*.[2] Thus, on November 19, 2001, this court ordered the State to show cause why the case should not be remanded for an evidentiary hearing on Mann's ineffective assistance claim. In its response to that order, the State contends that the district court properly considered both parties' affidavits and supporting documents in lieu of holding an evidentiary hearing. We disagree.

## DISCUSSION

First, we conclude that the district court erred as a matter of law in ruling that, even if trial counsel ignored Mann's request for an appeal, Mann was nevertheless required to demonstrate: (1) that his attorneys' "performance fell below an acceptable level of professionalism"; (2) that there were issues that were "ripe for appeal"; and (3) that Mann would have been successful on appeal had his counsel filed one. In *Lozada,* this court held that "an attorney has a duty to perfect an appeal when a convicted defendant expresses a desire to appeal or indicates dissatisfaction with a conviction."[3] Prejudice is presumed for purposes of establishing ineffective assistance of counsel when counsel's conduct completely denies a convicted defendant an appeal.[4] Thus, under *Lozada,* if Mann demonstrates that his counsel in fact ignored his

---

[1]*See Hargrove v. State,* 100 Nev. 498, 686 P.2d 222 (1984).

[2]110 Nev. 349, 359, 871 P.2d 944, 950 (1994).

[3]*Id.* at 354, 871 P.2d at 947.

[4]*Id.* at 357, 871 P.2d at 949.

request for an appeal, then Mann has established ineffective assistance of counsel and is not required to demonstrate anything further. To the contrary, the district court would be obligated at that point to appoint counsel to represent and assist Mann in the preparation of a post-conviction petition for a writ of habeas corpus asserting any issues that could have been raised on direct appeal.[5] If the district court thereafter denies such a petition, Mann may appeal the denial to this court.[6]

Second, it is clear from our review of the record that Mann was entitled to an evidentiary hearing on his claim that his counsel ignored his request for an appeal. This court has long recognized a petitioner's right to a post-conviction evidentiary hearing when the petitioner asserts claims supported by specific factual allegations not belied by the record that, if true, would entitle him to relief.[7] In *Vaillancourt v. Warden,*[8] we held that ''[w]here . . . something more than a naked allegation has been asserted, it is error to resolve the apparent factual dispute without granting the accused an evidentiary hearing.''

The State contends that Mann's claim is belied by the record because, in affidavits filed in response to the claims asserted in Mann's petition, Mann's trial attorneys attested that he did not request an appeal. Basically, the State contends that the ''record'' includes any document filed in the district court in response to the claims stated in a petition. If such a filed document controverts Mann's factual allegations, the State contends, then Mann is not entitled to an evidentiary hearing. We disagree.

A claim is not ''belied by the record'' just because a factual dispute is created by the pleadings or affidavits filed during the post-conviction proceedings. A claim is ''belied'' when it is contradicted or proven to be false by the record as it existed at the time the claim was made. For example, a petitioner's claim that he was not informed of the maximum penalty that he could face before he pleaded guilty is belied if the transcript of the entry of plea shows that the district court judge clearly informed the petitioner of the penalty. The instant situation is different. Mann and his attorneys apparently disagree about whether he requested an appeal. Neither Mann's claim, nor his attorneys' claims are belied by the record, and the fact that his attorneys' affidavits refute

---

[5]*Id.* at 359, 871 P.2d at 950.

[6]*Id.*

[7]*See, e.g., Hargrove,* 100 Nev. 498, 686 P.2d 222; *Hatley v. State,* 100 Nev. 214, 678 P.2d 1160 (1984).

[8]90 Nev. 431, 432, 529 P.2d 204, 205 (1974).

Mann's claims does not mean Mann's contentions are necessarily false.

Under the State's view, it would never be necessary to hold an evidentiary hearing. The district court could instead accept affidavits from each party and thereafter resolve any factual dispute created by the affidavits. The habeas rules set forth by statute do not contemplate the district court resolving factual disputes in this fashion.

NRS 34.735 clearly dictates the form and content of a post-conviction petition for a writ of habeas corpus. To avoid dismissal, a habeas petitioner who claims that the petitioner's imprisonment is illegal must ''state facts which show that the restraint or detention is illegal.''[9] If the petitioner challenges the constitutionality of a conviction or sentence, NRS 34.370(4) also expressly requires the petitioner to attach affidavits, records, or other evidence supporting the claims.

If, as in this case, the petition is the first one that the petitioner has filed challenging the validity of his conviction or sentence, NRS 34.745(1) requires the district court to order an answer from the State or to take other action deemed appropriate. NRS 34.760 mandates the State, like the petitioner, to include specific information in its answer.[10] For example, the State is obligated to inform the district court of any of the petitioner's other requests for relief and to file a copy of the petitioner's previous appellate briefs and appellate court decisions, if any.[11] The State must also inform the court of any transcripts that are available and must attach relevant portions of the transcripts to the answer.[12] Aside from prior briefs, orders and official records within the State's control, the habeas provisions do not permit the State to attach documents that are not already in the original trial court record.

After receiving the petition, answer and supplemental pleadings filed by appointed counsel, if any, the district court must determine whether an evidentiary hearing is necessary.[13] Only after the district court decides to conduct an evidentiary hearing do the statutes allow for expansion of the record.[14] Copies of documents in the expanded record must be submitted to the opposing party, who must be given the opportunity to admit or deny their correctness.[15]

---

[9]NRS 34.370(3); *see also* NRS 34.735.

[10]*See also* NRS 34.430(2)-(5) (dictating the required contents of and attachments to the State's return).

[11]NRS 34.760(1), (3).

[12]NRS 34.760(2).

[13]NRS 34.770(1).

[14]NRS 34.790.

[15]NRS 34.790(3).

Because the habeas provisions do not allow the State to expand the record via its answer unless the district court orders an evidentiary hearing and because petitioners are entitled to an evidentiary hearing if they plead specific facts not belied by the record that, if true, would entitle them to relief, we specifically hold that it is improper for the district court to resolve a factual dispute created by affidavits without conducting an evidentiary hearing. We conclude that Mann's petition set forth sufficient allegations to entitle him to an evidentiary hearing. Mann alleged that his trial counsel failed to file an appeal after Mann requested them to do so. The record does not belie this allegation; rather, as noted above, the record provides some support for his claim. Thus, the district court erred in failing to hold an evidentiary hearing on this issue.

The State argues that the case should not be remanded for an evidentiary hearing because the district court already had the opportunity to consider the issue. Referencing the district court's order, the State argues that the court clearly found Mann incredible. If an evidentiary hearing is ordered, the State predicts that Mann will repeat his allegation, his trial counsel will refute it, and the court will deny relief.

While the State's predictions may be correct, this court has consistently recognized a habeas petitioner's statutory right to have factual disputes resolved by way of an evidentiary hearing. Moreover, Mann may be able to bolster his claim by presenting additional evidence or testimony and by cross-examining and impeaching his trial attorneys. Also, by observing the witnesses' demeanors during an evidentiary hearing, the district court will be better able to judge credibility. Thus, we conclude that this case must be remanded for an evidentiary hearing.

## CONCLUSION

We reverse the district court's order in its entirety and remand this case for an evidentiary hearing on the sole issue of whether Mann's counsel failed to file an appeal after Mann expressed an interest in a direct appeal. The district court may exercise its discretion to appoint counsel for the hearing.[16] If the district court determines that Mann was denied his right to a direct appeal, it shall appoint counsel to represent Mann and allow him to file a petition for a writ of habeas corpus raising issues appropriate for direct appeal. Conversely, if the district court determines that Mann's appeal-deprivation claim lacks merit, the district court shall enter a final order resolving all of the claims raised in the

---

[16]*See* NRS 34.750(1).

instant habeas petition.[17] Mann or the State may then appeal from any adverse final, appealable order.[18]

---

[17]Because we conclude that an evidentiary hearing is necessary, we decline to reach the merits of any of the other claims that Mann raised in the instant petition. We have also considered all proper person documents filed or received in this matter, and we conclude that no further relief is warranted at this time. We also conclude that oral argument and briefing are unwarranted in this matter. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[18]*See* NRS 34.575.