# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS MARC GRIGSBY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68783

FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his pro se postconviction petition, appellant Dennis Marc Grigsby argued that trial and appellate counsel were ineffective on three grounds.[1] To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness and the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We give deference to the court's factual findings if supported by

---

[1] The district court appointed counsel to represent Grigsby in the postconviction proceeding. *See* NRS 34.750. Subsequently, Grigsby filed a motion to represent himself with standby counsel. The district court granted the motion in part, allowing Grigsby to represent himself without standby counsel.

16-19078

substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Grigsby argued that trial counsel were ineffective for not seeking to suppress evidence collected during an unlawful search of his residence. In late March 2008, Grigsby kicked his wife, Tina Grigsby, out of their apartment because he believed that she was dating another man. Several days later, Tina moved in with her boyfriend, Anthony Davis, who lived in the same apartment complex as Grigsby. On the night of April 2, 2008, Grigsby got into an argument with Davis outside of Davis' apartment. Tina heard the exchange from inside Davis' apartment. The argument ceased after a few minutes; Tina heard gunshots about 10 to 15 minutes later. When the police arrived shortly thereafter, she relayed this information to police officers, who knocked on Grigsby's door. There was no answer. While police were still investigating the crime scene, Grigsby's mother, Mildred Grigsby, appeared, asking to gain entry into Grigsby's apartment to retrieve unidentified items. She was not allowed into the apartment but provided a key, which Grigsby had given her, to police officers so that they could determine if Grigsby was in the apartment; he was not in the residence. Subsequently, the police secured a search warrant, searched Grigsby's apartment, and seized several items.

Grigsby argued that the search of his apartment was improper because even though Mildred was the leaseholder of the apartment, she had no authority to allow police into his apartment as she did not reside there. The district court rejected his trial-counsel claim, determining that Mildred had actual authority to consent to a search of Grigsby's apartment

and therefore he assumed the risk of Mildred consenting to a search of the apartment. *See Taylor v. State*, 114 Nev. 1071, 1079, 968 P.2d 315, 321 (1998). Moreover, the district court concluded, the search warrant was properly issued based on Tina's statements to the police and the initial entry into the apartment was not the "but-for cause" of the discovery of the evidence in Grigsby's apartment. Rather, the initial entry into the apartment was simply to look for Grigsby and the seized evidence was obtained after a search warrant had issued. Therefore, trial counsel were not ineffective for not seeking to suppress the seized evidence. We conclude that the district court did not err by denying this claim.

Second, Grigsby argued that appellate counsel was ineffective for not challenging the prosecutor's comment to the jury that a guilty verdict is permissible so long as the determination of guilt is unanimous even if the jurors were not unanimous as to the theory of guilt, as the jury was not instructed on that legal principle before deliberations. Because the prosecutor's comment was a correct statement of the law, *see Schad v. Arizona*, 501 U.S. 624, 631 (1991); *Holmes v. State*, 114 Nev. 1357, 1364, n.4, 972 P.2d 337, 342 n.4 (1998), Grigsby failed to demonstrate that appellate counsel was ineffective for failing to challenge the comment on appeal. Accordingly, the district court properly denied this claim.

Third, Grigsby argued that appellate counsel was ineffective for not raising a claim that the district court erred by providing a supplemental instruction to the jury several hours after deliberations had begun. However, the record shows that the district court did not give the jury a supplemental instruction after deliberations began. Because

Grigsby failed to show that appellate counsel was ineffective for not raising this claim on appeal, the district court properly denied this claim.

Having considered Grigsby's claims and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Kathleen E. Delaney, District Judge
     Dennis M. Grigsby
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Because Grigsby did not demonstrate error, his contention that cumulative error requires reversal of his conviction and sentence lacks merit. Therefore, the district court properly denied this claim. We further conclude that the district court did not err by denying Grigsby's petition without conducting an evidentiary hearing. *See Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1239 (2002) (observing that a postconviction petitioner is entitled to evidentiary hearing when the petitioner asserts claims supported by specific factual allegations not belied by the record that, if true, would entitle him to relief).