IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID JAMES KING,
Appellant,
vs.
WARDEN WILLIAM DONAT,
Respondent.

No. 67634

**FILED**

JUN 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND REMANDING IN PART*

This is an appeal from a district court order denying appellant David James King's postconviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Charles M. McGee, Senior Judge.

King contends that the district court erred by denying his petition, which included claims of ineffective assistance of counsel.[1] To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that

---

[1]King's appendix does not include the trial transcripts, which would have precluded this court's review of the claims had the State not provided the transcripts.

16-19652

counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, King contends that the district court erred by denying his claim that counsel was ineffective for failing to challenge the prosecutor's repeated statement that he lied about the circumstances surrounding his child's death. We agree that the prosecutor's statements were sufficiently egregious that counsel's failure to object or raise the matter on appeal fell below an objective standard of reasonableness. *See Rowland v. State*, 118 Nev. 31, 40, 39 P.3d 114, 119 (2002) (holding that a prosecutor's statement that the defendant lied can constitute misconduct depending on the circumstances, and therefore "we must look to the attorney for the defendant to object"). However, King provides no meaningful explanation as to how he was prejudiced and fails to demonstrate that the result of his trial or appeal would have been different. Therefore, we conclude that the district court did not err by denying this claim.

Second, King contends that the district court erred by denying his claim that counsel was ineffective for failing to challenge the prosecutor's comments that people tend to tell the truth when intoxicated. We disagree. Our review of the record indicates that the prosecutor's statements were not intended to be factual and constituted appropriate

argument, and therefore counsel's failure to object was not unreasonable. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). King also fails to explain how he was prejudiced. Therefore, we conclude that the district court did not err by denying this claim.

Third, King contends that the district court erred by denying his claim that counsel was ineffective for failing to challenge the prosecutor's disparagement of the defense expert. The prosecutor's comparison of the defense expert to a person who had read a flight manual but never flown a plane was an appropriate way to argue that the State's experts were more experienced than the defense's and therefore counsel was not deficient for failing to challenge the statement. However, the prosecutor's comment that the defense expert was only testifying to pad his resume was an improper denigration of the witness, *see Sipsas v. State*, 102 Nev. 119, 125, 716 P.2d 231, 234 (1986) (concluding that the prosecutor's description of the defense expert as a "hired gun" was inappropriate), and therefore counsel's failure to object or raise the matter on appeal fell below an objective standard of reasonableness, *see Riley v. State*, 110 Nev. 638, 651-52, 878 P.2d 272, 281 (1994) (recognizing that counsel's failure to object to prosecutorial misconduct may constitute deficient performance). Although we conclude that counsel was deficient, King fails to demonstrate that he was prejudiced. Therefore, we conclude that the district court did not err by denying this claim.

Fourth, King contends that the district court erred by denying his claim that the prosecutor committed misconduct by offering personal knowledge of what constituted an abandoned and malignant heart. We

agree that the comment was improper because it suggested that the jury should rely on the legal conclusions endorsed by the prosecutor, *see Collier v. State*, 101 Nev. 473, 480, 705 P.2d 1126, 1130 (1985), and that counsel's failure to object or raise the matter on appeal fell below an objective standard of reasonableness. However, King fails to demonstrate that he was prejudiced. Therefore, we conclude that the district court did not err by denying this claim.

Fifth, King contends that the district court erred by denying his claim that counsel was ineffective for incorrectly advising him that the State could impeach him with a suppressed involuntary statement if he testified at trial. The district court conducted an evidentiary hearing regarding this claim but refused to consider whether King was credible, reasoning that credibility was exclusively a determination for the jury. The district court was correct to note that the ultimate issue was whether there was a reasonable probability that King's testimony might have influenced the verdict, not whether the district court found King's version of events to be truthful. *See Strickland*, 466 U.S. at 687-88. But the district court was incorrect to disavow its duty to evaluate whether King was credible when he stated that counsel misadvised him and that he would have testified but for counsel's advice. *See, e.g., Mann v. State*, 118 Nev. 351, 356, 46 P.3d 1228, 1231 (2002) (reversing a postconviction proceeding for the district court to determine whether appellant was credible when he claimed counsel ignored his instruction to file a direct appeal). While the district court made some factual findings in this regard, they do not completely resolve these issues. The district court's failure to evaluate King's credibility prevents this court from reviewing the claim. Accordingly, we remand this matter to the district court to

make appropriate credibility determinations, apply the standard enunciated in *Strickland*, and enter an order which complies with NRS 34.830(1).[2]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Chief Judge, The Fourth Judicial District Court
Hon. Charles M. McGee, Senior Judge
Lockie & Macfarlan, Ltd.
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

---

[2]This order constitutes our final disposition in this matter. Any subsequent appeal shall be docketed as a new matter.