# IN THE SUPREME COURT OF THE STATE OF NEVADA

COREY JAMES MALCOLM PEARCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68772

FILED

DEC 0 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Corey Pearce claims the district court erred by denying his claims of ineffective assistance of counsel raised in his July 11, 2011, petition and his March 3, 2015, supplemental petition. We disagree and therefore affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

16-37402

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Pearce argues that his trial counsel should have filed a motion to suppress his confession as unknowing and involuntary due to his methamphetamine use and the detectives' interrogation techniques, including lying to him. Pearce, however, fails to demonstrate that his confession was involuntary or unknowing. *See Passama v. State*, 103 Nev. 212, 214, 735 P.2d 321, 323 (1987) (outlining the factors to consider when analyzing whether a confession was voluntary). Pearce was advised of his *Miranda*[1] rights before giving his statement to detectives and there is no evidence in the record—and Pearce does not argue—that the length of detention was improper, that he was too young to be questioned, that the questioning was repeated and prolonged, or that physical punishment was used. Additionally, the detective's factual misrepresentations during the interrogation do not render the statement involuntary. *See Sheriff, Washoe County v. Bessey*, 112 Nev. 322, 325, 914 P.2d 618, 619 (1996) ("[A]n officer's lie about the strength of the evidence against the defendant is, in itself, insufficient to make the confession involuntary."). Furthermore, nothing during the course of Pearce's questioning indicates that Pearce was still under the influence methamphetamine. On the contrary, Pearce's statements during questioning suggest that he could recall specific details and give coherent answers to the questions posed and that he understood the gravity of the circumstances. *See Kirksey*, 112 Nev. at 992, 923 P.2d at 1110. Thus, Pearce's arguments that he was still under the effects of methamphetamine use during the interrogation are

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

nothing more than "bare and speculative" allegations that are belied by the record. For these reasons, a motion to suppress would not have had merit and Pearce therefore failed to demonstrate prejudice. *See Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996). Accordingly, the district court did not err in denying this claim.

Second, Pearce argues that his trial counsel should have objected to the prosecutor's statement during closing argument that it took several days for the victim to die. Pearce fails to demonstrate deficient performance, as the prosecutor's statements were not objectionable because they merely asked the jury to draw a permissible inference based upon the evidence presented. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) (Although a prosecutor is prohibited from arguing facts not in evidence, a "prosecutor may argue inferences from the evidence and offer conclusions on contested issues." (internal quotation marks omitted)); *see also Epps v. State*, 901 F.2d 1481, 1483 (8th Cir. 1990) (concluding that prosecutor's comments "were not a basis for an ineffective assistance claim" where the comments "were not objectionable"). Therefore, the district court properly denied the claim.

Third, Pearce argues that his trial counsel should have filed a motion to strike the aggravating circumstances included in the notice of intent to seek the death penalty: (1) pecuniary gain, and (2) torture. Pearce failed to demonstrate prejudice as the jury was not presented with the pecuniary-gain aggravating circumstance and did not find the torture aggravating circumstance. *See Matylinsky v. Budge*, 577 F.3d 1083, 1098 (9th Cir. 2009) (defendant was not prejudiced by aggravator found in notice of intent to seek death because jury was not actually instructed on

that aggravator and did not find any specific aggravators). Therefore, the district court properly denied the claim.

Fourth, Pearce argues that his trial counsel was ineffective for presenting what amounted to imperfect voluntary manslaughter, and for failing to concede to second-degree murder. The first part of Pearce's claim is refuted by the record, as counsel explained during closing argument that their theory of defense was that (1) Thomas was the mastermind behind the murder, and (2) Pearce lied when he confessed to the murder/torture in an effort to protect a woman he was in love with. Pearce fails to demonstrate deficient performance because, considering Pearce's confession to torturing and murdering the victim, it was reasonable for counsel not to concede to second-degree murder and instead pursue the theory that Pearce had lied during his confession to protect the woman he loved. Pearce further fails to demonstrate prejudice, as the jury was instructed on second-degree murder but ultimately determined that the evidence demonstrated that Pearce was guilty of first-degree murder. Therefore, the district court properly denied the claim.

Fifth, Pearce argues that his trial counsel should have called an expert witness to testify as to the effects of methamphetamines on his actions and statement to police. Pearce fails to demonstrate deficient performance because use of an expert would have been inconsistent with the defense theory that Pearce lied during the confession to protect Thomas and did not actually commit the crimes. Pearce further fails to demonstrate prejudice, as he does not identify any experts nor does he describe any expert witness's testimony and how that testimony would have changed the result of the trial. *See See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (observing that no relief was warranted

where the claim "was not accompanied by the witness' names or descriptions of their intended testimony"). Therefore, the district court properly denied the claim.

Sixth, Pearce argues that his trial counsel failed to properly argue mitigation during the penalty phase. Pearce has not demonstrated deficient performance because trial counsel presented evidence that Pearce was the victim of physical and sexual abuse as a child, lacked a father-figure throughout his life, was exposed to alcohol as a child, was directly affected by Hurricane Katrina, and suffered a difficult upbringing. *See Elam v. Denney*, 662 F.3d 1059, 1066 (8th Cir. 2011) ("[I]t cannot be deficient performance to fail to present cumulative, no-more-favorable expert testimony."). Pearce further fails to demonstrate prejudice, as the jury unanimously determined that life without parole was the appropriate sentence even though one or more jurors found nearly all the mitigating circumstances proffered by defense, including: (1) victim of physical/mental abuse as a child, (2) lack of childhood stability, (3) multiple residences/shelters, (4) multiple schools, (5) lack of appropriate father figure, (6) institutionalized at young age, and (7) early exposure to drugs and alcohol. There is no reasonable probability of a different outcome had counsel presented cumulative evidence as to those mitigating circumstances. *Cf. Whitton v. State*, 161 So. 3d 314, 333 (Fla. 2014) (concluding that it was not likely that defendant would have received lesser sentence if counsel had presented additional witnesses whose testimony would have been cumulative to that presented at trial). Therefore, the district court properly denied the claim.

Finally, Pearce argues that the district court abused its discretion by failing to grant an evidentiary hearing. Pearce's claims are

all either belied by the record, consist of bare or speculative claims, or do not entitle Pearce to postconviction relief, even when taken at face value. Accordingly, the district court did not abuse its discretion in denying the petition without conducting an evidentiary hearing. *See Hargrove*, 100 Nev. at 502, 862 P.2d at 225; *Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002).

Having considered Pearce's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Valerie Adair, District Judge
       Law Office of Kristina Wildeveld
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A