# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. JACKSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75465

FILED

MAR 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying appellant Donald Jackson's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Jackson was convicted of child abuse and first-degree murder for abusing his girlfriend's 18-month-old son Jayden, resulting in his death. This court affirmed the judgment of conviction on appeal. *Jackson v. State*, Docket No. 64827 (Order of Affirmance, November 24, 2014). Jackson then filed a postconviction petition for a writ of habeas corpus. The district court denied the petition.

Jackson contends that the district court erred by denying his petition without conducting an evidentiary hearing.[1] We agree. One of the claims raised in the petition was that trial counsel was ineffective for failing to present lay and expert testimony supporting a theory that Jackson's

---

[1]The "statement of facts" section of Jackson's opening brief does not include a description of the facts and instead directs the court to more than 600 pages of the record below. This is inappropriate. *See* NRAP 28(a)(8). Moreover, Jackson's citations to the record do not include the volume number in which the cited page can be found. *See* NRAP 28(e)(1). We note that these derelictions made it unnecessarily difficult to resolve the claims raised on appeal.

19-11464

three-year-old son could have killed Jayden by jumping on him repeatedly. Regarding the lay witnesses, Jackson provided the names of specific persons who allegedly would have testified that the three-year-old child had a habit of jumping on people. The petition also provided the name of an expert witness who allegedly would have testified that it was "plausible" Jayden could have been killed by being jumped on by a three year old, particularly given that he had a serious kidney condition. Considered together, these assertions, which included names of the witnesses and descriptions of their proposed testimony, amounts to more than a bare or naked claim. *Berry v. State*, 131 Nev. 957, 971, 363 P.3d 1148, 1157 (2015).

The district court denied this claim without an evidentiary hearing, explaining that Jackson could not demonstrate prejudice as a matter of law because the forensic pathologist who testified on behalf of the State at trial admitted that Jayden's injuries could have been caused by a "smaller person" jumping or falling on him.[2] Our review of the record, however, indicates that the State's expert's testimony was ambiguous and inconsistent on this point—notably, the prosecutor argued in closing that its expert had made clear that a three year old could *not* have caused Jayden's injuries. Whether counsel's alleged failure to hire a defense expert resulted in prejudice thus will turn on the force of that expert's testimony in light of the evidence presented at trial, which may be established at an

---

[2]The district court erroneously stated that this claim was belied by the record, but its reasoning was that Jackson could not demonstrate prejudice. *See Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002) (explaining that a claim is belied by the record when it is "contradicted or proven to be false by the record as it existed at the time the claim was made").

evidentiary hearing.[3] *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Scott N. Freeman, District Judge
Troy Curtis Jordan
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[3]Given this decision, we decline to address Jackson's other claims; however, we express no opinion as to whether Jackson is entitled to relief on those claims. On remand, the district court may allow Jackson to present evidence supporting any of the claims raised in his petition.