# IN THE SUPREME COURT OF THE STATE OF NEVADA

DALE BRYANT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78418

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant claims the district court erred in denying his claim that counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both

---

[1]Pursuant to NRAP 34(f)(3), we conclude that oral argument is not warranted in this appeal.

20-18605

components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. An evidentiary hearing is required where a petitioner's claim is supported by specific factual allegations not belied by the record that, if true, would entitle the petitioner to the relief. *See Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002). This court gives deference to the district court's factual findings but reviews the court's decision resolving a habeas petition de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel should have filed a motion to dismiss based on alleged violations of the Interstate Agreement on Detainers (IAD), codified as NRS 178.620.[2] Appellant has not demonstrated deficient performance or prejudice. None of the alleged violations would have required dismissal of the charges, and appellant did not demonstrate a violation of his speedy trial rights under the IAD. *See* NRS 178.620, art. IV(e), V(c); *see also Fex v. Michigan*, 507 U.S. 43, 52 (1993) (holding that the 180-day period in Article III(a) of the IAD is not triggered until the request for disposition of charges has been delivered); *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002) (holding that dismissal is not available under the IAD where the notice requirement is violated); *Biondi v. State*, 101 Nev. 252, 255, 699 P.2d 1062, 1064 (1985) (holding that procedural deficiencies in the sending state did not bar Nevada from prosecuting the defendant and any deficiencies did not invalidate the judgment of conviction). Regarding the requirement that appellant pay restitution for extradition expenses, although the IAD states that the

---

[2]To the extent that appellant raised any IAD claims independently of his ineffective-assistance claim, the IAD claims could not be raised in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

SUPREME COURT
OF
NEVADA

(O) 1947A

receiving state is responsible for transport expenses, *see* NRS 178.620, art. V(h), nothing in the IAD prevents a receiving state from seeking reimbursement from the defendant, *see* NRS 179.225, and appellant agreed to pay extradition expenses in the written guilty plea agreement. Appellant was aware of any issues with the notice requirements before entering his guilty plea, and thus, he has not demonstrated a reasonable probability that he would not have entered a guilty plea absent trial counsel's failure to file a motion to dismiss. Thus, the district court did not err in denying the petition without an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Kathleen E. Delaney, Dist. Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk