IN THE SUPREME COURT OF THE STATE OF NEVADA

TITO BARRON-AGUILAR,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
Respondent.

No. 78317

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

In a petition filed on June 11, 2018, appellant claimed that: (a) his counsel was ineffective for not objecting to incomplete jury instructions on the procuring-agent defense; (b) his due process rights were violated when the State failed to disclose or correct information about the benefit the confidential informant received and the confidential informant's criminal history as required by *Brady v. Maryland*, 373 U.S. 83 (1963); (c) his counsel was ineffective for not objecting to jury instructions relating to the amount of controlled substances; and (d) his counsel was ineffective for not investigating and confronting the confidential informant with information about pending robbery charges and his lengthy criminal history, as

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

20-18604

reference to both were included in an affidavit for a material witness bond filed before trial.

Appellant's 2018 petition was untimely because it was filed more than two years after issuance of the remittitur on direct appeal on December 9, 2015.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he previously litigated a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause must be an impediment external to the defense and must afford legal excuse that explains why a petitioner could not comply with statutory procedural requirements. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Based upon our review of the record on appeal, we conclude that the district court did not err in dismissing the petition as procedurally barred for the reasons discussed below.

Appellant argues that the alleged *Brady* violation provides good cause to excuse the procedural bars.[4] Specifically, he argues that the State

---

[2]*Barron-Aguilar v. State*, Docket No. 66899 (Order of Affirmance, November 13, 2015).

[3]*Barron-Aguilar v. Warden*, Docket No. 71689 (Order of Affirmance, July 11, 2017).

[4]The alleged *Brady* violation would not provide good cause for claims (a), (c), or (d). As pleaded, appellant's *Brady* claim and related claim of ineffective assistance of counsel (claim d) are antagonistic. Trial counsel

did not disclose the alleged benefit the confidential informant would receive in exchange for cooperating in appellant's case (including O.R. release and consideration at sentencing), and the confidential informant's criminal history. Impeachment evidence, including "[a] promise made by the prosecution to a key witness in exchange for the witness's testimony . . . must be disclosed under *Brady*." *Rippo v. State*, 134 Nev. 411, 431, 423 P.3d 1084, 1103 (2018), *amended on denial of reh'g*, 432 P.3d 167 (2018). A valid *Brady* claim can constitute good cause and prejudice sufficient to excuse the procedural bars. *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003) ("[P]roving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice.").

Appellant has not demonstrated that the State violated *Brady*, and consequently he has not shown good cause or prejudice. Information about the confidential informant's arrest for robbery and the statement relating to the confidential informant's "lengthy criminal history" was available to trial counsel—it was contained in a document filed in the

---

cannot be deficient for failing to investigate information the State withheld from counsel. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). And if trial counsel were ineffective as alleged by appellant, that claim itself is procedurally barred, and a procedurally-barred claim of ineffective assistance of counsel cannot provide good cause. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506.

district court before trial. Thus, this information was not withheld.[5] Appellant has further not demonstrated that there was any agreement between the State and the confidential informant regarding the informant's charges or any promised benefit for his participation in appellant's case.[6] Finally, appellant has failed to demonstrate that the evidence was material given the substantial evidence presented at trial. *See Bennett*, 119 Nev. at 600, 81 P.3d at 8 (explaining that the materiality prong of a *Batson* violation requires a demonstration of a reasonable probability (or reasonable possibility if the evidence was specifically requested) of a different result

---

[5]As to allegedly withheld information about post-trial events involving the confidential informant (i.e., the confidential informant's sentencing hearing), *Brady* is the wrong framework. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (concluding that "*Brady* is the wrong framework" to address any disclosure obligation in the postconviction setting because the liberty interest is not the same after a conviction and the State therefore has "more flexibility in deciding what procedures are needed in the context of postconviction relief"). As appellant has not identified the correct framework governing disclosure obligations with respect to post-trial evidence, we conclude that he has not demonstrated error.

[6]Appellant only speculates that the confidential informant's O.R. release (or lack of confinement after arrest) was due to some agreement with the State but offers nothing to substantiate that speculation. Further, the transcript of the informant's sentencing hearing supports the State's assertion that there was no agreement for any benefit regarding the informant's robbery charges. In fact, the State vigorously argued against the confidential informant being able to argue for such during sentencing. Additionally, the district court's sentencing decision does not support an argument that the State agreed to any benefit. Therefore, appellant has not supported his related claim that the State did not correct misinformation about the benefits the confidential informant was to receive as a result of his participation in appellant's case.

SUPREME COURT
OF
NEVADA

(O) 1947A

had the evidence been disclosed). Notably, appellant has not provided this court with the recordings of the drug transactions that were admitted at trial and played for the jury, and these recordings appear to contain critical evidence of appellant's guilt as evidenced by testimony about the recordings at trial. This failure further supports a conclusion that the evidence was not material. *See* NRAP 30(d) (providing that a party may move to have the district court clerk transmit original exhibits that are necessary and relevant to the issues raised on appeal); *see also Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) ("[T]he missing portions of the record are presumed to support the district court's decision."), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Thus, we conclude that the district court did not err in determining this claim was procedurally barred and without good cause and prejudice.

Next, appellant argues that he has good cause because he was not represented by counsel in the first postconviction proceedings. This argument lacks merit because he had no right to counsel in those proceedings. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) (recognizing there can be no deprivation of the right to the effective assistance of counsel where there is no right to counsel); *McKague v. Warden*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996) (recognizing that good cause cannot be shown where there is no right to counsel); *see also* NRS 34.750(1) (providing for the discretionary appointment of counsel in non-capital cases).

Finally, appellant fails to demonstrate that the district court abused its discretion in not conducting an evidentiary hearing. *See Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002) (recognizing that an evidentiary hearing is required where a claim is supported by specific factual allegations not belied by the record that, if true, would entitle the petitioner to the relief requested). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Scott N. Freeman, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Attorney General/Las Vegas
Washoe District Court Clerk