# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES ADRIAN FORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81060

**FILED**

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant filed the petition on November 4, 2019, more than seven years after the remittitur issued on appeal from the judgment of conviction. *See Ford v. State*, Docket No. 58907, Order of Affirmance, (September 13, 2012). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant previously sought postconviction relief; therefore, the petition was successive to the extent it raised claims that were previously litigated and resolved on their merits and it constituted an abuse of the writ to the extent it raised new claims that could have been raised earlier. *See* NRS 34.810(1)(b)(2), (2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(1)(b), (3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018).

Appellant argues he demonstrated good cause and prejudice because the State withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). There are three components to a successful

21-29758

*Brady* claim: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). Evidence is material only when there is a reasonable probability or possibility—depending on whether there was a specific request for the evidence—that the result of the trial would have been different. *Id.* at 74, 993 P.2d at 41; *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) ("[S]trictly speaking, there is never a real '*Brady* violation' unless the [Government's] nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."); *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("A reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." (internal quotation marks omitted)).

When a *Brady* claim is raised in the context of a procedurally-barred postconviction petition, "[g]ood cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). Additionally "a *Brady* claim still must be raised within a reasonable time after the withheld evidence was disclosed to or discovered by the defense." *State v. Huebler*, 128 Nev. 192, 198 n.3, 275 P.3d 91, 95 n.3 (2012). We review such claims de novo. *See Bennett*, 119 Nev. at 599, 81 P.3d at 7-8 (reviewing de novo a *Brady* claim in a procedurally-barred petition).

First, appellant argues the State withheld evidence that the arresting detective allegedly conspired with a sex trafficker known as "Mally Mall" to eliminate Mall's competitors, which included appellant.

Appellant alleges that police officers knew of Mall's list of targets and helped him with a common plan of eliminating those competitors by ensuring they were arrested and charged with sexual assault of a woman who was under Mall's control. Appellant's petition included an affidavit from Mall's former driver, who stated that he had seen Mall pay money to multiple police officers, that Mall paid the officers to eliminate his competitors, that Mall's list of targets included appellant, and that he saw the arresting detective in this case at Mall's residence on multiple occasions. Appellant's petition alleges specific facts that are not belied by the record and that, if true, may have entitled him to relief. He therefore was entitled to an evidentiary hearing on this claim. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984); *see also Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002) ("[W]here something more than a naked allegation has been asserted, it is error to resolve the apparent factual dispute without granting the accused an evidentiary hearing." (quotation marks and alterations omitted)). Accordingly, we reverse the district court's order as to this claim and remand for an evidentiary hearing on it.

Second, appellant argues the State withheld evidence that the victim was arrested for prostitution in Los Angeles the day before she travelled to Las Vegas. Appellant claims that without this evidence he was unable to cross-examine the victim about her motive for leaving California and that the jury may have questioned the victim's veracity had they known she had fled prosecution. Appellant's allegations are not sufficient to show that the State had actual or constructive possession of the victim's arrest record such that the State could have suppressed it given that he has not alleged that the California authorities who had the information were acting as agents of the State in this prosecution. *See Wade v. State*, 114 Nev. 914, 920-21, 966 P.2d 160, 164 (1998) (finding no *Brady* violation where the State



did not possess a file within the control of the DEA and the DEA "did not act as an agent of the State prosecution"); *see also Kyles*, 514 U.S. at 437 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others *acting on the government's behalf in the case*, including the police." (emphasis added)). Because appellant's allegations, even if true, do not show the evidence was withheld, he also has not demonstrated good cause. Accordingly, the district court did not err in denying this claim as procedurally barred without an evidentiary hearing.

Third, appellant argues the State withheld evidence that another individual arrested at the same time as appellant was not charged with any crimes involving the victim. Appellant has not identified what favorable information was withheld in this regard and therefore did not demonstrate good cause. Appellant also has not explained how this information had a reasonable probability of producing a different result at trial considering the evidence and testimony against appellant; therefore, appellant did not demonstrate prejudice. *See Ford v. State*, Docket No. 69151-COA, Order of Affirmance at 4-5 (Nev. Ct. App. Nov. 8, 2016) (describing "the significant amount of evidence of Ford's guilt presented at trial"); *see also Mazzan*, 116 Nev. at 74, 993 P.2d at 41. Accordingly, the district court did not err in denying this claim as procedurally barred without an evidentiary hearing.

Next, appellant claims the district court erroneously applied laches under NRS 34.800.[1] Appellant has not rebutted the presumption of prejudice to the State under NRS 34.800(2) because he has not shown that he could not have discovered the facts underlying his second and third

---

[1]Because we remand this matter for an evidentiary hearing on appellant's first *Brady* claim, we do not address the district court's application of laches to that claim.

*Brady* claims sooner through the exercise of reasonable diligence. NRS 34.800(1)(a). Therefore, the district court did not abuse its discretion in determining that the petition was barred by laches.

Lastly, appellant argues he can demonstrate a fundamental miscarriage of justice to overcome the procedural bars because he is actually innocent of sexual assault. Because we remand this matter for an evidentiary hearing on one claim and because appellant's claim of actual innocence is in part related to that claim, we decline to consider appellant's claim of actual innocence at this time.

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 21, Eighth Judicial District Court
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

