# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN LEE HALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81994

FILED

DEC 08 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Bryan Hall robbed and murdered Bradley Flamm at a Las Vegas resort and casino. Hall testified that he killed Flamm because Flamm made offensive comments about his sexual history with Hall's wife and the paternity of Hall's child. A jury found Hall guilty of robbery and first-degree murder and sentenced him to death for the murder. This court affirmed the convictions and death sentence on appeal. *See Hall v. State*, No. 62663, 2015 WL 6447296 (Nev. Oct. 22, 2015) (Order of Affirmance). Hall filed a timely, first postconviction petition for a writ of habeas corpus. The district court denied the petition without conducting an evidentiary hearing.

### Ineffective assistance of counsel

Hall argues the district court erred in denying his claims of ineffective assistance of trial and appellate counsel.[1] To prove ineffective

---

[1]We acknowledge that Hall argues that ineffective assistance of counsel provides good cause and prejudice to raise claims that could have been raised on direct appeal. *See* NRS 34.810(1)(b). We need not address the procedural-bar overlay for two reasons. First, the ineffective-

SUPREME COURT
OF
NEVADA

(O) 1947A

22-38584

assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. An evidentiary hearing is required when the petitioner raises claims supported by specific facts that are not belied by the record and that, if true, would entitle the petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

*Juvenile records*

Hall argues that the district court erred in denying his claim that trial and appellate counsel failed to adequately challenge the State's use of his California juvenile records during the penalty phase of his trial. He contends that trial and appellate counsel should have challenged the State's introduction of his juvenile records based on a California law prohibiting the release of juvenile records to unauthorized persons.[2] Hall alleges that when the State obtained his juvenile file, a notice was attached to the records that cited Cal. Welf. & Inst. Code § 827, which requires a

_____

assistance-of-counsel claims were properly raised for the first time in the postconviction habeas petition. *See Pellegrini v. State*, 117 Nev. 860, 34 P.3d 519 (2001). Second, if Hall had demonstrated that either trial or appellate counsel provided ineffective assistance, he would be entitled to relief and a separate review of the substantive claim underlying the ineffective-assistance-of-counsel claim would not provide further relief.

[2]To the extent Hall argues that counsel should have challenged the use of his juvenile records under NRS Chapter 62H, we conclude this contention lacks merit because those statutes govern Nevada juvenile justice records.

party authorized to inspect juvenile records to petition the juvenile court for an order before further disclosure. *See Lorenza P. v. Superior Court*, 242 Cal. Rptr. 877, 879 (Ct. App. 1988) (explaining that defendant could not obtain juvenile records by a subpoena; instead, she had "to petition the juvenile court to review the records in camera to determine which, if any, may be disclosed"). Because the State did not petition for a juvenile court order permitting further release of his juvenile records, Hall alleges that the State was not authorized to disseminate the records at trial. *See People v. Stewart*, 269 Cal. Rptr. 3d 687, 701 (Ct. App. 2020) (providing that "neither a prosecutor nor any other person authorized to inspect without a court order is permitted to disseminate confidential information in juvenile files to a person not so authorized").

Regarding the psychological portions of his juvenile file, Hall contends that, even if the State properly obtained the records, trial and appellate counsel should have challenged the use of psychological evaluations against him on Fifth Amendment grounds. Hall alleges that, as a juvenile, he did not initiate or voluntarily undergo a court-ordered psychological evaluation, and the State affirmatively used his un-*Mirandized*[3] statements against him in the penalty hearing, and not as rebuttal of a mental status defense. Furthermore, Hall contends that the district court erred in denying his claim of prosecutorial misconduct related to the State's use of his juvenile psychological records—e.g., telling the jury he had been assessed as a sexual sadist—and the State concedes that the psychologist did not make that diagnosis.

The Supreme Court has found that the use of court-ordered psychological examinations against a defendant may violate the Fifth

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Amendment in some circumstances. *Compare Estelle v. Smith*, 451 U.S. 454, 468 (1981) ("A criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding."), *with Buchanan v. Kentucky*, 483 U.S. 402, 423-24 (1987) (explaining that introducing portions of a psychiatric report, which the defense jointly requested, to rebut defendant's mental status defense did not violate the Fifth Amendment), *and Penry v. Johnson*, 532 U.S. 782, 794-95 (2001) (concluding that the admission of a defense-requested psychiatric report during the penalty phase of trial, which was prepared before trial for an unrelated rape charge, did not warrant habeas relief). Likewise, this court has explained that "[g]enerally, the State may not use a healthcare provider to introduce a defendant's un-*Mirandized* statements from a court-ordered psychiatric evaluation." *Pimentel v. State*, 133 Nev. 218, 228, 396 P.3d 759, 768 (2017); *see also Brown v. State*, 113 Nev. 275, 281, 289, 934 P.2d 235, 240, 245 (1997) (concluding that the consideration at sentencing of defendant's unwarned statements made to a psychiatrist in a court-ordered examination "violates the 'fair play' rules . . . and the Fifth Amendment concerns set forth in *Estelle*, and constitute[d] reversible error"). Although trial and appellate counsel challenged the use of Hall's juvenile psychological records under *Redmen v. State*, 108 Nev. 227, 234, 828 P.2d 395, 400 (1992), *overruled on other grounds by Alford v. State*, 111 Nev. 1409, 906 P.2d 714 (1995), which provided that "psychiatric evidence purporting to predict the future dangerousness of a defendant is highly unreliable and, therefore, inadmissible at death penalty sentencing hearings," given the authority above, counsel's decision to forgo a Fifth Amendment challenge may have

fallen below an objective standard of reasonableness and resulted in prejudice.

In denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing, the district court overlooked the factual issues concerning the California proceedings and the reasonableness of trial and appellate counsel's investigation and litigation decisions. *Cf. Johnson v. State*, 117 Nev. 153, 161, 17 P.3d 1008, 1013 (2001) (noting that an evidentiary hearing may "be of little value" when the issue presented is purely legal). We conclude that Hall alleged specific facts that are not belied by the record and that, if true, may have entitled him to relief. In particular, the factual underpinnings of trial and appellate counsel's investigation into the juvenile records and the context of the psychological evaluations exist outside the record. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225; *see also Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002) (providing "that [w]here something more than a naked allegation has been asserted, it is error to resolve the apparent factual dispute without granting the accused an evidentiary hearing." (internal quotation marks and alteration omitted)). While we express no opinion as to the merits of the issues discussed above, we conclude that an evidentiary hearing is necessary to fully assess trial and appellate counsel's performance and any potential prejudice that resulted. Accordingly, we reverse the district court's order as to these ineffective-assistance-of-counsel claims and remand for an evidentiary hearing to consider in the first instance whether Hall can demonstrate deficient performance and prejudice. At the evidentiary hearing, the district court should focus on whether trial and appellate counsel's performance was deficient in investigating and addressing the State's procurement and use of his juvenile file and challenging the

admissibility of the juvenile psychological records. In assessing any potential prejudice during the penalty phase, the district court should consider the weight of the juvenile evidence considering the other evidence presented and the extent to which the State relied on the juvenile evidence.

*Provider-patient privilege*

Hall argues that the district court erred in denying his claim that trial and appellate counsel should have challenged the introduction of his juvenile psychological records under California and Nevada privilege statutes. We conclude this argument lacks merit.

Even assuming the records were privileged under California law, he has not shown the documents were protected from admission in Nevada. *See* Restatement (Second) of Conflict of Laws § 139(2) (1971) (providing that "[e]vidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted"). As to Nevada, Hall contends that his psychological records were protected by the psychologist-patient privilege. The district court found that, even if the records were confidential, the "court-ordered examination" exception under NRS 49.213(7) applied to Hall's statements. And Hall concedes that no Nevada cases support his contention that the district court erroneously applied the exception. Accordingly, he has not shown deficient performance based on counsel's failure to assert the privilege. *See Steinhorst v. Wainwright*, 477 So. 2d 537, 540 (Fla. 1985) ("The failure to present a novel legal argument not established as meritorious in the jurisdiction of the court to whom one is arguing is simply not ineffectiveness of legal counsel."). To the extent Hall cites other privilege statutes, he has not presented relevant authority or cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (recognizing that "[i]t is appellant's responsibility to present

relevant authority and cogent argument"). Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.[4]

*Investigation and theory of defense*

Hall argues that trial counsel should have called an expert to discuss the effect of Hydrocodone found in Flamm's system and requested independent testing of Flamm's bodily fluids.

At trial, the district court admitted a toxicology report that showed Flamm had Hydrocodone in his system when he died. Hall contends that trial counsel should have presented expert testimony to explain how the effect of the drug in Flamm's system made him more prone to make a comment instigating a fight. Hall has not shown deficient performance or prejudice. Considering Hall's testimony that he attacked and killed Flamm, trial counsel pursued an objectively reasonable defense that Flamm provoked Hall and he acted in a sudden heat of passion, rather than with deliberation and premeditation. *See Florida v. Nixon*, 543 U.S. 175, 191 (2004) ("Attorneys representing capital defendants face daunting challenges in developing trial strategies, not least because the defendant's guilt is often clear."). At trial, Hall testified about what Flamm said, and Flamm's fiancée testified that Flamm sometimes made inappropriate comments. Nevertheless, the jury rejected lesser offenses and found Hall guilty of first-degree murder. Because the State presented overwhelming evidence supporting that finding, Hall has not shown that presenting

---

[4]Hall also argues that the district court erred in denying his claims that counsel should have argued that the use of the psychological records violated his constitutional rights to counsel and due process. Hall points to nothing in the record demonstrating violations of these rights beyond the issues addressed above regarding use of the juvenile records. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

SUPREME COURT
OF
NEVADA

(O) 1947A

additional evidence that Flamm likely made an inappropriate comment would have created a reasonable probability of a different outcome in the guilt phase of trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (providing that "[w]here counsel and the client in a criminal case clearly understand the evidence and the permutations of proof and outcome, counsel is not required to unnecessarily exhaust all available public or private resources" when preparing a defense for trial). Likewise, independent testing to confirm the presence of drugs in Flamm's system would not have resulted in a different outcome. Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

*Prior-bad-act evidence*

Hall argues that trial counsel should have ensured a limiting instruction was given addressing the use of prior-bad-act evidence and appellate counsel should have raised the issue. Hall has not shown deficient performance or prejudice. The record shows that trial counsel objected to the admission of evidence that, during an incident that led to a prior felony battery conviction, Hall told his ex-wife that he would rape and kill her former romantic partners. After the district court permitted the State to elicit that testimony, trial counsel made a strategic decision to decline the district court's offer to give a limiting instruction pursuant to *Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1132 (2001); however, the jury was instructed that a prior felony conviction could only be considered in assessing a witness's credibility. Hall has not shown extraordinary circumstances to challenge trial counsel's strategic decision. *See id.* (recognizing that "the defense may not wish a limiting instruction to be given for strategic reasons"); *see also Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (explaining that a reviewing court is "required not simply to give the

SUPREME COURT
OF
NEVADA

(O) 1947A

attorneys the benefit of the doubt, but to affirmatively entertain the range of possible reasons [a petitioner's] counsel may have had for proceeding as they did" (internal quotation marks, alterations, and citations omitted)); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (holding that counsel's strategic decisions are "virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). Likewise, given the overwhelming evidence of Hall's guilt, including his testimony that he killed Flamm, he has not shown that appellate counsel omitted a meritorious claim. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Examination of witnesses*

Hall argues that trial and appellate counsel should have made several challenges to trial testimony. For the reasons discussed below, Hall has not shown deficient performance or prejudice. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."); *see also McConnell v. State*, 125 Nev. 243, 253, 212 P.3d 307, 314 (2009) ("Appellate counsel is not required to raise every nonfrivolous issue on appeal.").

First, Hall contends that trial counsel failed to appropriately object when the State asked him if his wife testified accurately about picking him up the night of the killing and that appellate counsel should have raised the issue. We disagree because trial counsel made an appropriate objection pursuant to *DeChant v. State*, 116 Nev. 918, 924, 10 P.3d 108, 112 (2000) (holding that lay witness's opinion about the veracity of another witness is inadmissible), and, given the overwhelming evidence of guilt, Hall has not shown a reasonable probability of success had appellate counsel raised this issue. *See King v. State*, 116 Nev. 349, 356, 998 P.2d 1172, 1176 (2000) (providing that prosecutorial misconduct may

be harmless where there is overwhelming evidence of guilt). The district court therefore did not err in rejecting this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

Second, Hall contends that trial and appellate counsel failed to challenge a detective narrating surveillance footage. Much of the surveillance footage came from an elevated camera and the detective's narration assisted the jurors by orienting them and helping them follow the timeline of Hall's movements inside and outside the casino. The narration thus was not improper. *See Burnside v. State*, 131 Nev. 371, 387-89, 352 P.3d 627, 639-640 (2015) (explaining that narration of surveillance video is proper if it assists the jury in making sense of the depicted images). Hall also asserts that the State asked the detective leading questions about his investigation. Even if the questions were leading, there was nothing objectionable about the detective testifying to his perceptions of the crime scene and his opinions about what crimes he was investigating. *See* NRS 50.265 (permitting opinion testimony based on a witness's perceptions). Accordingly, Hall has not shown a reasonable probability of success had trial counsel objected or appellate counsel raised this issue on appeal. Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

Third, Hall contends that trial counsel should have objected to leading questions posed to the medical examiner. After reviewing the record, we discern nothing objectionable about asking the medical examiner about her perceptions and opinions of Flamm's injuries. *See* NRS 50.285 (permitting expert opinion testimony). Accordingly, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

Fourth, Hall contends that trial and appellate counsel should have challenged the testimony of Flamm's fiancée based on a lack of personal knowledge about Flamm's tip money. She testified that on the night of his murder, Flamm likely earned between $100 and $200 in cash from tips. On the night of the murder, Flamm's fiancée worked as a manager at the restaurant where Flamm worked. We conclude she had sufficient personal knowledge to estimate the amount of tip money Flamm likely made that night. *See* NR 50.265; *Lane v. Second Judicial Dist. Court*, 104 Nev. 427, 446, 760 P.2d 1245, 1257 (1988) ("[T]o be competent to testify, a witness must have personal knowledge of the subject of his testimony."). Thus, neither trial nor appellate counsel omitted a meritorious challenge, and the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

Finally, Hall contends that trial and appellate counsel should have challenged a witness's identification of him from surveillance footage. Hall has not shown that counsel omitted a meritorious challenge given his testimony admitting that he was the individual depicted in the surveillance footage. Furthermore, the record reflects that the witness had a reasonable basis from which he could correctly identify Hall since he previously worked with Hall for over a year. *See Rossana v. State*, 113 Nev. 375, 380, 934 P.2d 1045, 1048 (1997) (providing that a lay witness's opinion testimony "regarding the identity of a person depicted in a surveillance photograph" is admissible "if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury" (internal quotation marks omitted)). Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

11

*Use of the term "murder"*

Hall argues that trial counsel should have challenged the prosecutor referring to Flamm's death as a "murder" by making ongoing objections, and appellate counsel should have raised the issue. Contrary to Hall's assertion, trial counsel's decision to object to the first instance and not make ongoing objections was objectively reasonable because continued objections would have unnecessarily drawn attention to the prosecutor saying that Hall murdered Flamm. *Cf. Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994) (observing that counsel's decision to object to prosecutorial misconduct during closing argument is a strategic decision which "must take into account the possibility that the court will overrule it and that the objection will either antagonize the jury or underscore the prosecutor's words in their minds"). The district court therefore did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

Regarding appellate counsel, he raised several alleged instances of prosecutorial misconduct that occurred in the penalty hearing. *See Hall v. State*, No. 62663, 2015 WL 6447296, at *4-5 (Nev. Oct. 22, 2015) (Order of Affirmance). The issue raised now would not have been frivolous given that trial counsel preserved it below but considering the overwhelming evidence in the guilt phase it was objectively reasonable for appellate counsel to focus on penalty-phase claims of misconduct. *See Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the [reviewing] court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal."). Therefore, the district court did not err in denying this

ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

*Closing argument*

Hall argues that appellate counsel should have argued the State improperly shifted the burden of proof during its rebuttal argument. "Generally, a prosecutor's comment on the defense's failure to call a witness impermissibly shifts the burden of proof to the defense." *Browning v. State*, 120 Nev. 347, 360, 91 P.3d 39, 49 (2004).

Here, the State commented on trial counsel's unsupported assertion about disinhibition and told the jury that the defense could have presented a witness to testify about the effects of the Hydrocodone in Flamm's blood. "The tactic of stating that the defendant can produce certain evidence . . . is an attempt to shift the burden of proof and is improper." *Barron v. State*, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). Although the issue thus may not have been frivolous, particularly where trial counsel preserved the issue with an objection, appellate counsel was not ineffective because even if this instance of misconduct were cumulated with the single *possible* error demonstrated on direct appeal, *Hall*, 2015 WL 6447296, at *8 n.4, it is not reasonably probable that this issue would have changed the outcome on appeal given the overwhelming evidence of guilt. Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

*Jury instructions*

Hall argues that trial and appellate counsel should have challenged the guilt and penalty phase jury instructions regarding the weighing of aggravating and mitigating circumstances, premeditation and deliberation, malice, equal and exact justice, and reasonable doubt. Hall has not shown deficient performance or prejudice. Counsel could not have

SUPREME COURT
OF
NEVADA

(O) 1947A

13

successfully challenged any of these instructions given controlling Nevada authority. *See, e.g., McConnell*, 125 Nev. at 254, 212 P.3d at 314-15 (explaining that nothing in Nevada's statutory scheme "requires a jury to find, or the State to prove, beyond a reasonable doubt that no mitigating circumstances outweighed the aggravating circumstances in order to impose the death penalty"); *Byford, v. State*, 116 Nev. 215, 236-37, 995 P.2d 700, 714-15 (2000) (approving the premeditation and deliberation instruction given here); *id.* at 232, 995 P.2d at 712 (upholding the malice instruction where the jury is properly instructed on the presumption of innocence); *Leonard v. State (Leonard I)*, 114 Nev. 1196, 1208, 969 P.2d 288, 296 (1998) (concluding that the use of allegedly archaic statutory language in the malice instruction did not deprive defendant of a fair trial); *id.* at 1209, 969 P.2d at 296 (providing that where the jury has been instructed that the defendant is presumed innocent and that the State bears the burden of proving guilt beyond a reasonable doubt, the equal-and-exact-justice instruction does not undermine the presumption of innocence or lessen the burden of proof); *Chambers v. State*, 113 Nev. 974, 982-83, 944 P.2d 805, 810 (1997) (upholding the reasonable doubt instruction provided in NRS 175.211). Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.[5]

---

[5]Hall also argues that trial counsel should have objected to the mitigation-evidence instruction. After considering the instructions as a whole, this court rejected a challenge to this instruction on appeal. *Hall*, 2015 WL 6447296, at \*6-7. That decision is the law of the case and Hall has not demonstrated circumstances to warrant revisiting it. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 728 (2007) (explaining that the purpose of the law-of-the-case doctrine is to prevent reconsideration of matters that have been settled and put to rest).

*Penalty hearing advocacy*

Hall argues that trial counsel abandoned the role of an advocate during opening and closing remarks.[6] During the penalty phase of trial, "counsel's mission is to persuade the trier that his client's life should be spared." *Florida v. Nixon*, 543 U.S. 175, 191 (2004). First, Hall takes issue with trial counsel opening the penalty phase of trial with an anecdote about not knowing how to describe his profession to his son's class. Hall asserts that the anecdote told the jurors that trial counsel believed representing capital defendants is so distasteful that he could not describe it. We disagree because the anecdote communicated to the jurors that counsel understood the unpleasant details of Hall's juvenile and adult criminal offenses. Trial counsel was not objectively unreasonable in acknowledging the grisly facts of both the underlying murder of Flamm and Hall's juvenile conduct. *See id.* at 192 ("[C]ounsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in a useless charade." (internal quotation marks omitted)); *Yarborough v. Gentry*, 540 U.S. 1, 9 (2003) ("By candidly acknowledging his client's shortcomings, counsel might have built credibility with the jury and persuaded it to focus on the relevant issues in the case."). And trial counsel returned to the anecdote in closing argument to support his appeal for mercy, which Hall concedes was his best argument against the death penalty.

Relying on *Wilson v. State*, 105 Nev. 110, 771 P.2d 583 (1989), Hall also contends that trial counsel made comments that aided the

---

[6]Hall also contends that trial counsel should have objected to multiple alleged trial errors this court rejected under plain error review on direct appeal. We conclude that harmless error review would not have resulted in a different outcome on direct appeal.

prosecution. In *Wilson*, this court concluded that trial counsel's "decision not to present a large body of mitigating evidence, coupled with counsel's egregious remarks before the sentencing panel, denied [appellant] the effective assistance of counsel." *Id.* at 113, 771 P.2d at 584. Counsel's performance in this case is not comparable to defense counsel's performance in *Wilson*. Trial counsel presented substantial evidence in mitigation that is reflected in one or more jurors finding nine mitigating circumstances. Rather than making a plea for mercy directly for Hall, trial counsel implored the jurors to bestow mercy for Hall's family and impose a life sentence. Given the brutal and senseless nature of Flamm's murder and Hall's adult and juvenile conduct, we conclude that counsel's approach was not objectively unreasonable. *See Yarborough*, 540 U.S. at 5-6 ("[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage."). Drawing the jurors' attention to the pain felt by Flamm's family supported counsel's argument that sentencing Hall to death would also inflict pain on Hall's family. Furthermore, Hall has not shown a reasonable probability of a different outcome had trial counsel made a plea for mercy directly for Hall. Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.[7]

---

[7]To the extent Hall argues that appellate counsel should have raised this issue, we conclude that he has not shown that counsel omitted a meritorious issue because this court generally declines to address ineffective-assistance-of-counsel claims on direct appeal. *See Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995).

*Capital deliberations*

Hall argues that trial counsel misled the jurors about the deliberative process and when the death penalty is an available sentence. We disagree because under Nevada law, "a defendant is death-eligible once the State proves the elements of first-degree murder and the existence of at least one statutory aggravating circumstance." *Castillo v. State*, 135 Nev. 126, 128, 442 P.3d 558, 560 (2019); *see also* NRS 175.554(3). After reviewing the record in this case, we conclude that trial counsel accurately described the capital deliberative process. Trial counsel correctly told the jury that if one juror finds mitigating circumstances sufficient to outweigh the aggravating circumstances, the death penalty is no longer a sentencing option. *See Barlow v. State*, 138 Nev., Adv. Op. 25, 507 P.3d 1185, 1199-00 (2022). Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.[8]

*Future dangerousness*

Hall argues that trial counsel should have presented mitigation evidence that he would make a positive adjustment to incarceration to rebut the State's future dangerousness argument. Relying on a violence risk assessment for prison, he contends that trial counsel should have introduced evidence that he would behave well in prison and not be a danger. Hall has not shown deficient performance or prejudice. Trial counsel presented testimony from two fellow inmates about positive interactions with Hall while in custody. Therefore, this ineffective-

---

[8]Hall also argues that erroneous weighing language in the unused verdict form warrants relief. We disagree because Hall could have raised this claim in prior proceedings, NRS 34.810(1)(b), and Hall has not shown cause and prejudice to overcome the procedural bar. *See Barlow*, 138 Nev., Adv. Op. 25, 507 P.3d at 1192 n.4 (finding no error in the district court giving a similar verdict form).

 

assistance-of-counsel claim is belied by the record and the district court did not err in denying it without conducting an evidentiary hearing. *See McNelton v. State*, 115 Nev. 396, 410, 990 P.2d 1263, 1273 (1999) (providing that the decision regarding what mitigation evidence to present is a tactical one entrusted to defense counsel).

*Challenges to the death penalty*

Hall argues that trial and appellate counsel should have argued that lethal injection constitutes cruel and unusual punishment. A challenge to the method of execution cannot be raised in a postconviction petition for a writ of habeas corpus because it does not challenge the validity of the sentence. *See McConnell*, 125 Nev. at 249, 212 P.3d at 311. And Hall has not shown deficient performance or prejudice given that this court has repeatedly rejected similar challenges. *See, e.g.*, *Belcher v. State*, 136 Nev. 261, 278, 464 P.3d 1013, 1031 (2020) (rejecting a claim that the death penalty "violates the Eighth Amendment's prohibition against cruel and unusual punishment"); *Leonard v. State (Leonard II)*, 117 Nev. 53, 83, 17 P.3d 397, 416 (2001) (explaining that "[t]his court has repeatedly upheld Nevada's death penalty against similar challenges"). Therefore, the district court did not err in denying this ineffective-assistance-of-counsel claim without conducting an evidentiary hearing.

*Cumulative error*

Hall argues that the district court erred in denying his claim that the cumulative effect of errors by trial and appellate counsel deprived him of a fair trial. This court has never determined that multiple deficiencies in counsels' performance may be considered cumulatively for purposes of *Strickland*'s prejudice prong. *See McConnell*, 125 Nev. at 259, 212 P.3d at 318 (applying without adopting the cumulative error standard). Even assuming that counsel's deficiencies can be cumulated, we have found

only one potential deficiency related to Hall's juvenile records and granted appropriate relief (an evidentiary hearing), and therefore there is nothing to cumulate.[9]

*Actual innocence*

Hall argues that he is actually innocent of the death penalty. Even assuming that a free-standing claim of actual innocence is cognizable in a postconviction habeas petition, *see Berry v. State*, 131 Nev. 957, 967 n.3, 363 P.3d 1148, 1154 n.3 (2015) (noting that "[t]his court has yet to address whether and, if so, when a free-standing actual innocence claim exists"), Hall does not point to any new evidence or allege that either aggravating circumstance is legally invalid. Accordingly, he has not demonstrated that he is actually innocent of the death penalty. *See Lisle v. State*, 131 Nev. 356, 362, 351 P.3d 725, 730 (2015) (providing that to show actual innocence of the death penalty, the petitioner must show that it is more likely than not that no reasonable juror would have found the aggravating circumstances based on new evidence or that the aggravating circumstances are invalid as a matter of law). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Elected judges*

Hall argues that the district court erred in denying his claim that elected judicial officers are inherently biased. Hall did not substantiate his contentions with portions of the record demonstrating bias against him because the district judge and Supreme Court justices are popularly elected.

---

[9]To the extent Hall argues that the State failed to respond to some of his arguments, we conclude the State adequately addressed Hall's contentions. *Cf. Belcher*, 136 Nev. at 267, 464 P.3d at 1023 (discussing the State's complete failure to respond or address an issue as a confession of error).

*See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (requiring petitioner to plead "specific factual allegations that would, if true, have entitled him" to relief). And this court has rejected similar claims where an appellant fails to establish actual judicial bias. *See, e.g.*, *McConnell*, 125 Nev. at 256, 212 P.3d at 316 (rejecting the same claim where appellant "failed to substantiate this claim with any specific factual allegations demonstrating actual judicial bias"). Furthermore, a jury, not judges, found Hall guilty of first-degree murder and sentenced him to death. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

*Disqualification of the District Attorney's Office*

Hall argues that the district court erred in denying his motion to disqualify the Clark County District Attorney's Office.[10] Hall contends that the prosecutors' improper use of his juvenile records created an appearance of impropriety warranting disqualification. We disagree. This court has retreated from the impropriety standard and concluded "that the appropriate inquiry is whether the conflict would render it unlikely that the defendant would receive a fair trial unless the entire prosecutor's office is disqualified from prosecuting the case." *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 165, 321 P.3d 882, 886 (2014). And the State disagreeing with Hall's legal position on admission and use of his juvenile records is insufficient to show the prosecuting office's participation in the postconviction proceeding resulted in an unfair proceeding. Thus, the

_____

[10]We reject the State's argument that the denial of the motion to disqualify is not properly raised in this appeal as it is a decision related to the habeas proceedings. *See* NRS 177.045 (providing that intermediate decisions of the district court may be raised in an appeal from a final judgment).

district court did not abuse its discretion in denying the motion to disqualify. *See id.* at 161, 321 P.3d at 884 (reviewing a district court's resolution of a motion to disqualify a prosecutor's office for an abuse of discretion).

Having concluded that Hall is entitled only to the relief described above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[11]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. Michelle Leavitt, District Judge
     Karen A. Connolly, Ltd.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[11]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.

SUPREME COURT
OF
NEVADA

(O) 1947A